**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Cristian Ernesto Quevedo-Palamino,

                    Petitioner,

v.

Warden of Calhoun County Jail,

                    Respondent.

_____/

Case No. 26-11064

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**ORDER DENYING WITHOUT PREJUDICE MOTION TO
RECOGNIZE NEXT FRIEND AND DESIGNATE MAILING
ADDRESS [4], ORDERING PETITIONER TO SHOW CAUSE
WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF
JURISDICTION, AND EXTENDING DEADLINE FOR PAYMENT
OF FILING FEE OR SUBMISSION OF APPLICATION TO
<u>PROCEED WITHOUT PREPAYING FEES OR COSTS</u>**

On April 1, 2026, a petition for a writ of habeas corpus was filed on behalf of Cristian Ernesto Quevedo-Palomino, who is currently in the custody of United States Immigration and Customs Enforcement ("ICE") at the Calhoun County Correctional Facility in Battle Creek, Michigan. (ECF No. 1.) Several motions were filed with the petition: an emergency motion for a temporary restraining order (ECF No. 2), an emergency

motion for immediate release (ECF No. 3), and a "motion to recognize Next Friend and designate mailing address." (ECF No. 4.)

The Court notes that the filing fee in this case has not been paid, nor has Petitioner filed an application to proceed without prepayment of fees, and Petitioner was ordered to correct this deficiency by April 15, 2026. (ECF No. 5.) However, the Court will address the motion to recognize Next Friend at this time to clarify that, even if the filing fee is paid, there are several deficiencies with the pending motion to recognize Next Friend and the case as a whole.

In the motion to recognize Next Friend, Mr. Quevedo-Palomino's mother, Ninaj Palomino Diaz, moves for an order to recognize her as his "Next Friend" and for court correspondence to be mailed to her address. (ECF No. 4, PageID.34–35.) Although Petitioner's filings include a slash signature purporting to be Petitioner's signature, the Court's review of these filings indicates that Ms. Palomino, not Mr. Quevedo-Palomino, filed the Petition and the pending motions. (*See, e.g.*, ECF No. 1,

PageID.19 (displaying Ms. Palomino's name and address as the sender of the pro se filing)[1].)

A habeas petition must be "signed and verified by the person for whose relief it is intended or by someone acting on his behalf." 28 U.S.C. § 2242. Courts permit "Next Friends" to file habeas petitions on behalf of others in limited circumstances:

> In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

*Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003).

Here, Ms. Palomino must "demonstrate, not simply assert," that Mr. Quevedo-Palomino is unable to litigate his own case, *see West*, 242

---

[1] The name displayed on the envelopes used to send these filings is "Nina Palomino." (ECF No. 1, PageID.19.) The Court assumes that Nina Palomino and Ninaj Palomino Diaz are the same individual. Regardless, for the reasons set forth below, neither individual can appear on behalf of Mr. Quevedo-Palomino

F.3d at 341. Her motion states that there are "delays and interference with legal mail within the detention facility, which impair Petitioner's ability to litigate this matter." (ECF No. 4, PageID.35.) However, this statement in her motion, on its own, is not enough to meet her burden to demonstrate that she has standing to pursue Mr. Quevedo-Palomino's claims on his behalf. Additionally, Mr. Quevedo-Palomino is not a minor, (*id.* at PageID.40), and there is no indication that he has a disability that would prevent him from litigating his own case.

Even if Ms. Palomino had demonstrated that Mr. Quevedo-Palomino is not capable of litigating his own case, the Court could not grant her motion to recognize her as Mr. Quevedo-Palomino's Next Friend because Ms. Palomino is litigating this case without a lawyer, otherwise known as proceeding *pro se.* "[A] non-lawyer cannot serve as a 'next friend' unless she, herself, is represented by counsel." *Randleman next friend of Swain v. Sullivan*, No. 3:25-CV-02586, 2026 WL 391153, at *1 (N.D. Ohio Feb. 12, 2026); *see also Bass v. Leatherwood*, 788 F.3d 228, 231 (6th Cir. 2015) (stating that "[28 U.S.C.] § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake" (internal quotation marks omitted)).

For these reasons, Ms. Palomino may not proceed as the next friend of Mr. Quevedo-Palomino. Ms. Palomino's motion for recognition as next friend is DENIED WITHOUT PREJUDICE. (ECF No. 4.) The motion to designate Ms. Palomino's address as the mailing address of record is also DENIED WITHOUT PREJUDICE. (*Id.*)

Because Ms. Palomino filed the Petition and other motions on behalf of Mr. Quevedo-Palomino, the Court also lacks jurisdiction over the Petition because Ms. Palomino does not have standing to proceed as Next Friend. The Court orders Petitioner to show cause, in writing, why this case should not be dismissed for lack of jurisdiction **by May 8, 2026**. The Court's order to show cause may be satisfied in two different ways:

- Petitioner may file a notice on the docket demonstrating that he intends to prosecute this case in his own capacity and not through a Next Friend, whether it is through counsel or *pro se*; or

- Ms. Palomino may file another motion to represent Petitioner as Next Friend that (1) sufficiently justifies her Next Friend status and (2) demonstrates that she has obtained counsel to represent Petitioner's interests.

Failure to satisfy the Court's order to show cause may result in dismissal of this case.

Finally, Petitioner's deadline to either pay the filing fee or file an application to proceed without prepaying fees or costs is extended until **May 8, 2026**. The Court warns that, "[i]f the filing fee is not received by the Clerk's Office or if an application to proceed *in forma pauperis* is not filed within [the Court's deadline], this case may be dismissed." (ECF No. 5, PageID.61.)

IT IS SO ORDERED.

Dated: April 9, 2026　　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2026.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager