# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Cristian Ernesto Quevedo-
Palamino,

                    Case No. 26-11064

            Petitioner,

                    Judith E. Levy

v.                    United States District Judge

Warden of Calhoun County Jail,      Mag. Judge Anthony P. Patti

            Respondent.

_____/


**ORDER GRANTING IN PART AND DISMISSING IN PART PETITION FOR A WRIT OF HABEAS CORPUS [13], DENYING WITHOUT PREJUDICE AS MOOT PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [14], DENYING RESPONDENT'S MOTION TO DISMISS [16], GRANTING RESPONDENT'S MOTION TO VACATE [18], AND DENYING PETITIONER'S MOTION TO DESIGNATE <u>LEGAL MAIL CONTACT AND MAILING ADDRESS [25]</u>**

Before the Court is *pro se* Petitioner Cristian Ernesto Quevedo-Palamino's petition for a writ of habeas corpus (ECF No. 13) and a variety of other motions. (ECF Nos. 14, 16, 18, 25.)

For the reasons set forth below, the petition is granted in part and dismissed in part.

## I.    Background

Petitioner entered the United States on April 24, 2023. (ECF No. 13, PageID.88.) He is currently held at Calhoun County Correctional Facility in immigration custody. (ECF No. 13, PageID.83.) He states he was taken into immigration custody during a traffic stop on January 13, 2026 and "has not been given any immigration court hearing, bond hearing, or scheduled proceeding." (*Id.* at PageID.86, 88, 89.) Petitioner also claims that his detention "originates from an unlawful traffic stop and vehicle seizure." (*Id.* at PageID.92.) He seeks "immediate release from custody, or alternatively . . . an expedited bond hearing within 7 days . . . ." (*Id.* at PageID.89; *see also id.* at PageID.94 (requesting "immediate release," "a bond hearing within 7 days," and "declar[ation] [that] his detention [is] unconstitutional").)

The grounds for Petitioner's habeas petition are difficult to understand but appear to be as follows.

Ground One: "Unlawful seizure and detention." (*Id.* at PageID.88.) Petitioner appears to argue that his seizure and search during the traffic stop violated the Fourth Amendment. (*Id.* at PageID.92.)

2

Petitioner's Ground Two and Ground Three appear to be the same. He states that he has not received a "hearing, bond hearing, or scheduled proceeding." (*Id.* at PageID.88; *see also id.* ("No immigration court hearing or due process").)  He argues that his detention is governed by 8 U.S.C. § 1226(a) and that his prolonged detention violates due process. (*Id.* at PageID.93.)

Ground Four is similar to Grounds Two and Three. He states he is subject to "[a]rbitrary detention" "because he remains confined without a hearing, without bond determination, without a final order of removal, and without any scheduled immigration proceedings." (*Id.* at PageID.89; *see also id.* at PageID.94 ("Government action violates due process when it is arbitrary or irrational.").)

## II.    Petition for a Writ of Habeas Corpus (ECF No. 13)

### A. Legal Standard

The Court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2443, the Court, when evaluating an application for a writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause

3

why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."

### B. Analysis

#### i.      *The Proper Respondents*

Petitioner names as Respondents the Warden of the facility he is being held in and unspecified others. (ECF No. 13, PageID.83 (respondents are "Warden, Calhoun County Correctional Facility" and "et al.").) Petitioner also states that he is "currently being held on orders by[ ] . . . Federal authorities." (*Id.*)

"A district court shall direct a writ of habeas corpus 'to the person having custody of the person detained.'" 28 U.S.C. § 2243. In *Roman v. Ashcroft*, the Sixth Circuit explained that, generally, the proper respondent to a habeas petition is "the individual having day-to-day control over the facility in which [the alien] is being detained." *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) (quoting *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000)). Thus, in immigration habeas cases, "a detained alien generally must designate his immediate custodian—the INS District Director for the district where he is being detained—as the respondent to his habeas corpus petition." *Id.* at 322.

4

As such, the Court directs the Clerk to add the Detroit ICE Field Office Director as a Respondent in this action. *Tchfagha v. Lyons*, No. 1:26-CV-230, 2026 WL 448836, at *3 (W.D. Mich. Feb. 17, 2026). And the Court will dismiss the Warden and the other, unidentified individuals as Respondents.

### ii.   Jurisdiction

Respondent challenges the Court's jurisdiction over the petition. (ECF Nos. 15, 16.)

First, according to Respondent, "the Court [ ] lack[s] jurisdiction over [Petitioner's] habeas suit under step two of the test in *Padilla* because petitioner's district of confinement is the Western District of Michigan." (ECF No. 16, PageID.138.) As set forth in the Court's previous opinion, *Amaya v. Raycraft*, No. 25-13539, 2025 WL 3530273, at *3 (E.D. Mich. Dec. 9, 2025), the Court finds it has jurisdiction over this Petition.[1]

Respondent also argues that the case is moot. (ECF No. 15, PageID.113.) Respondent acknowledges that the Sixth Circuit has since held that "certain noncitizens who entered the United States unlawfully cannot be detained under § 1225(b)(2) and must instead be detained

---

[1] For this reason, Respondent's motion to dismiss is denied. (ECF No. 16.)

5

under § 1226." (*Id.*); *see also Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). Respondent agrees that "petitioner falls within the scope of *Lopez*[-]*Campos*" and "does not dispute that petitioner is entitled to seek release on bond under § 1226." (ECF No. 15, PageID.113–114.) Respondent argues that the case is moot because "there is no longer any dispute about petitioner's legal rights, so this case no longer presents an Article III case or controversy" and that Petitioner "must request a bond hearing before the immigration court will schedule the hearing." (*Id.* at PageID.114.)

"A case becomes moot 'when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome.'" *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Respondent appears to argue that the case is moot because the issue presented is "no longer live." *Id.* However, Petitioner still has a "legally cognizable interest" in this suit because he claims he is currently held in immigration detention and "has not been given any . . . bond hearing." (ECF No. 13, PageID.88.) To the extent Respondent argues that Petitioner's harm is due to Petitioner's own inaction, (ECF No. 15,

PageID.114), Petitioner claims that he "has not been given any meaningful opportunity to present these grounds through immigration and no process has been provided." (ECF No. 13, PageID.89.) These allegations suggest that Petitioner has not been able to request a bond hearing. Thus, Petitioner's claims are not moot.

### iii.   Administrative Exhaustion

Respondent argues that the Court should dismiss the petition for failure to exhaust administrative remedies. (ECF No. 15, PageID.116.) According to Respondent, "the Court should require that petitioner request and attend a bond hearing before raising his challenge in federal court." (*Id.*)

As set forth above, Petitioner claims that he "has not been given any meaningful opportunity to present these grounds through immigration and no process has been provided." (ECF No. 13, PageID.89.) These allegations suggest that Petitioner has not been able to request a bond hearing. Thus, the Court declines to dismiss the petition for failure to exhaust on this basis.

### iv.   Petitioner's detention

The Court will now address the merits of the petition.

First, Petitioner's claim that his detention falls under § 1226 and thus he is entitled to seek release on bond under § 1226 is undisputed. (ECF No. 13, PageID.93; ECF No. 15, PageID.113–114); *see also Lopez-Campos*, 175 F.4th 713. As such, Petitioner is entitled to a bond hearing pursuant to § 1226(a).

Petitioner also claims he is entitled to relief due to "unlawful seizure and detention" and "due process." (ECF No. 13, PageID.88–89, 92, 94.)

The Court declines to address Petitioner's due process claim at this time because his requested for a bond hearing is granted for the reasons set forth above. If Petitioner does not receive a bond hearing by the Court's deadline, Petitioner may renew his due process claim.

Petitioner's claim that he was unlawfully seized or searched under the Fourth Amendment and is thus entitled to release from custody, (ECF No. 13, PageID.94), is dismissed. Even if Petitioner was seized or searched in violation of the Fourth Amendment, that is not a basis for release from custody. *See Benavides v. Raycraft*, No. 1:26-CV-652, 2026 WL 972714, at *2 (W.D. Mich. Apr. 10, 2026). "[A] defendant, including his identity or body, is properly before a court 'regardless of whether this

information was obtained in violation of his Fourth Amendment rights.'"

*Id.* (quoting *United States v. Navarro-Diaz*, 420 F.3d 581, 588 (6th Cir. 2005)); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) (stating that the "body . . . of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred").

As such, the petition is granted in part and dismissed in part.

## III. Petitioner's emergency motion for temporary restraining order (ECF No. 14) and Respondent's motion to dismiss (ECF No. 16)

Petitioner filed a motion for temporary restraining order requesting "immediate release" or "a bond hearing." (ECF No. 14.) Petitioner's motion is denied without prejudice as moot because the petition was granted in part and denied in part, as set forth above.

Respondent's motion to dismiss is also denied for the reasons set forth above. (ECF No. 16.)

## IV. Petitioner's motion to designate legal mail contact and mailing address (ECF No. 25)

Petitioner filed a "motion to designate legal mail contact and mailing address." (ECF No. 25.) In this motion, Petitioner asks that the

9

Court issue an order "permitting legal mail, court correspondence, and copies of filings related to this matter" to be sent to his wife. (*Id.* at PageID.195.)

Petitioner does not cite any authority for this request. It is not clear on what basis the Court could grant this relief. Further, to the extent Petitioner requests that the Court also order Respondent to send its filings to an additional address that is not Petitioner's, Petitioner does not provide any authority supporting that request.

Petitioner's motion regarding service is therefore denied.

## V. CONCLUSION

For the reasons set forth above,

Petitioner's motion for temporary restraining order (ECF No. 14) is DENIED WITHOUT PREJUDICE AS MOOT;

Respondent's motion to dismiss (ECF No. 16) is DENIED;

Respondent's motion to vacate (ECF No. 17) is GRANTED;

Petitioner's motion to designate legal mail contact (ECF No. 25) is DENIED;

Respondents Warden and unspecified persons are DISMISSED;

The Clerk is DIRECTED to add the Detroit ICE Field Office Director as a Respondent;

The petition (ECF No. 13) is GRANTED IN PART and DISMISSED IN PART;

Respondent is ORDERED to provide Petitioner with a bond hearing pursuant to § 1226(a) by **July 27, 2026** or otherwise release him by that same date; and,

Respondent is ORDERED to file a status report by **July 28, 2026**, certifying that (1) he has complied with this order and that (2) Petitioner was provided a bond hearing by the deadline above or was otherwise released. Respondent's status report must include the result of the bond hearing, if held.

IT IS SO ORDERED.

Dated: July 20, 2026                    s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                                   United States District Judge

11

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
